UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-10046-JEM

ELVIS AARON HARMON GROMAN,

      Plaintiff,

v.

PAUNECE RASCHEL RAMAGE SCULL
and DENNIS WARD

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S
## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** came before the Court upon Plaintiff, Elvis Aaron Harmon Groman's ("Plaintiff"), Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [4]. The Honorable Jose E. Martinez, United States District Judge, referred this case to the undersigned for all pre-trial proceedings. ECF No. [6]. Plaintiff has not paid the required filing fee but has filed a Motion for Leave to Proceed *In Forma Pauperis.* ECF No. [4]. Therefore, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e). For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** and that his Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

### I.    BACKGROUND

On April 9, 2015, Plaintiff was convicted of felony battery in state court and sentenced to serve 48 months in prison. *See* Judgment, *State of Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. Apr. 9, 2015). Plaintiff now seeks relief under 42 U.S.C. § 1983 against Paunece Raschel Ramage Scull ("Ms. Scull"), the prosecutor in that criminal proceeding, and Dennis Ward

("Mr. Ward"), the State Attorney for Monroe County, in their official capacity.  ECF No. [1] at 4.

Specifically, Plaintiff alleges that

> Prosecutor Paunece Raschel Ramage Scull . . . used a prior
> uncounseled conviction to enhance a misdemeanor jury verdict to a
> felony . . . .  According to the Points and Authorities of abundant
> U.S.S.C. case law said prior may not be used for enhancement of
> subsequent convictions 'AS A MATTER OF LAW' . . . .  When the
> Plaintiff raised this issue on appeal said Prosecutor . . . furnished an
> altered version of the transcript of said prior sentencing proceeding
> . . . .  Said Prosecutor . . . also furnished the court minutes of said
> prior . . . .  Said fraud . . . was used to deny the Plaintiff's appeal all
> the way up to the Florida Supreme Court.  It kept [Plaintiff] a
> convicted felon and incarcerated in Florida State Prison for 60
> months . . . .  Said fraud was also used . . . to adjudicate more than
> $50,000.00 of judgment liens against the Plaintiff.

*Id.* at 6–7.

Additionally, Plaintiff alleges that the court record was altered by "adding counsel

addressing the court, which is absent in the True and Correct audio recording provided by the 16th

Judicial Circuit Court itself." *Id.*  Further, Plaintiff argues that the court minutes were altered to

reflect that "Plaintiff was, 'present in court and represented by [public defender].'" *Id.*  Plaintiff

reasons that these representations are incorrect because Plaintiff "never saw or spoke to counsel

on record or any counsel" and "never even saw a courtroom." *Id.*  Furthermore, Plaintiff argues

that "Dennis Ward . . . was made aware through his Chief Assistant of the fraud committed by his

said prosecutor . . ." and "was provided with ALL of the evidence." *Id.* at 4 (emphasis in original).

Plaintiff alleges that the Office of the State Attorney of Monroe County ignored Plaintiff and his

requests. *Id.*  Plaintiff therefore requests that the felony conviction be corrected to reflect a

misdemeanor, all liens be relieved, and Defendants be punished to the fullest extent under the law.

*Id.* at 10.

## II.    STANDARD OF REVIEW

Section 1915 accords litigants "meaningful access to the federal courts" notwithstanding their ability to pay the required filing fee. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that the purpose of the *in forma pauperis* statute is to permit litigants to initiate civil or criminal actions despite their inability to pay the filing fee).   Specifically, Section 1915(a)(1) allows litigants to forego the filing fee so long as they submit an affidavit that describes their inability to pay the associated costs. *Id.* If deemed indigent for the purposes of proceeding in the lawsuit, the litigant's filing fees are waived. *Id.* However, Congress recognized that these litigants now "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent these potential abuses, Section 1915(e) provides that the court must dismiss such a case if it determines that the Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, pursuant to Federal Rule of Civil Procedure 8(e), "[p]leadings must be construed so as to do justice." Therefore, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Zelaya v. Sec., Fla. Dep't of Corr.*, 789 F.3d 1360, 1366 (11th Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). To do so, the court "must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief." *Id.* (quoting *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000)). This allows "meritorious claims to be heard and decided regardless of mere pleading defects introduced by legally unsophisticated litigants." *Id.* Despite affording a pro se complaint the most liberal reading, the court must dismiss a complaint if it finds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

First, a claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  Additionally, a case is frivolous "when it appears the plaintiff 'has little or no chance of success.'"  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).  Therefore, Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.  The former includes "claims against which it is clear that the defendants are immune from suit."  *Id.*

Furthermore, as to the sufficiency of the allegations asserted, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), the pleading does not require "detailed factual allegations" but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Additionally, "formulaic recitation of the elements" supported by mere conclusory statements or "naked assertion[s]" are insufficient.  *Id.* at 678.  In determining whether a complaint fails to state a claim upon which relief may be granted, the court applies the standard set forth in Federal Rule of Civil Procedure 12(b)(6), taking the factual allegations in the Complaint as true and construing them in the light most favorable to Plaintiff.  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").

### III.   ANALYSIS

Plaintiff purports to assert a Section 1983 claim against Ms. Scull and Mr. Ward in their official capacity.  ECF No. [1] at 4.  A prosecutor is "immune from liability under [Section] 1983 for his actions 'in initiating a prosecution and in presenting the [s]tate's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'"  *Mikko v. City of Atlanta*, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).  Additionally, immunity extends to post-conviction proceedings.  *See Baker v. City of Hollywood*, 391 F. App'x 819, 822 (11th Cir. 2010) (holding that even though the prosecutors made false statements during plaintiff's post-conviction proceedings, the prosecutors are absolutely immune because the allegations "relate directly to acts taken in connection with the prosecution of the [plaintiff]'s criminal case").  However, absolute immunity does not exist merely because actions were performed by a prosecutor.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (holding that the defendants were not entitled to absolute immunity because they acted outside of their prosecutorial function when they made an arrest without probable cause).  Instead, in determining whether a prosecutor's actions fall within their official capacity, courts assess the "nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty."  *Hart v. Hodges*, 587 F.3d 1288, 1296 (11th Cir. 2009) (citing *Jones v. Cannon*, 174 F.3d 1271, 1289 (11th Cir. 1999)).

For example, in *Imbler*, the petitioner filed a Section 1983 claim against his prosecutor, a police fingerprint expert, and various police officers.  424 U.S. at 415.  The petitioner alleged that "a conspiracy among them unlawfully to charge and convict him had caused him loss of liberty and other grievous injury."  *Id.* at 416.  Specifically, the petitioner alleged that the prosecutor intentionally or negligently introduced false witness testimony, allowed the fingerprint expert to

suppress evidence, had knowledge that a lie detector test had cleared the petitioner, and had altered the police sketch of the true killer to more closely resemble the petitioner. *Id.* Therein, the Supreme Court addressed, for the first time, the liability of a state prosecuting officer under Section 1983. *Id.* at 420. The Court concluded that a prosecutor is entitled "to the same absolute immunity under [Section] 1983 that the prosecutor enjoys at common law." *Id.* at 427. The Court noted that although this expansive immunity leaves a wronged defendant without redress where a prosecutor's "malicious or dishonest action deprives him of liberty," this absolute immunity serves a broader public purpose. *Id.* The Court cautioned, however, that a prosecutor's actions do not go unchecked because a prosecutor could nevertheless be criminally punished for willful misconduct under 18 U.S.C. § 242 or subject to "professional discipline by an association of his peers." *Id.* at 429. Accordingly, the Court ultimately concluded that the actions of the prosecutor in that case "were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Id.* at 430.

Since the Supreme Court's decision in *Imbler*, a "functional approach has evolved" in determining whether a prosecutor enjoys absolute immunity. *Jones*, 174 F.3d at 1282. In construing the outer bounds of immunity, courts in this Circuit have consistently held that absolute immunity extends to those actions taken in the course of a prosecutor's "role as an advocate for the State." *Id.* at 1281. For example, in *Rowe v. City of Fort Lauderdale*, the petitioner asserted a Section 1983 claim against his prosecutor, among others, "for their roles in investigating, arresting, and prosecuting him." 279 F.3d 1271, 1274–75 (11th Cir. 2002). The petitioner "alleged that they had withheld or destroyed material evidence, and had fabricated and planted false evidence and used false testimony in order to secure his wrongful conviction." *Id.* at 1275. Specifically, the petitioner alleged that the prosecutor fabricated evidence during the initial search

6

of the crime scene and then introduced the fabricated evidence at trial, failed to log and produce

exculpatory evidence, failed to produce tapes of the victim's recorded statements, and introduced

testimony he knew to be false at trial.  *Id.* at 1278–79.  The Eleventh Circuit Court of Appeals

noted that the prosecutor was entitled to absolute immunity for the "initiation and pursuit of

criminal prosecution." *Id.* at 1279 (citing *Imbler*, 424 U.S. at 424).  Therefore, the Court concluded

that the prosecutor was absolutely immune from suit to the extent that he "knowingly proffered

perjured testimony and fabricated exhibits at trial." *Id.* at 1279–80.  However, the prosecutor did

not enjoy absolute immunity (but only qualified immunity) "[t]o the extent he stepped out of his

prosecutorial role," such as when he participated in the search of the plaintiff's apartment.  *Id.* at

1280; *see also Barr v. Gee*, 437 F. App'x 865, 876 (11th Cir. 2011) (noting that prosecutors enjoy

absolute immunity from claims that they introduced false testimony and fabricated exhibits at trial,

but only qualified immunity from claims that they gathered false evidence during their

investigations prior to the prosecution of the case).

Here, Plaintiff alleges that Ms. Scull, a prosecutor, unlawfully enhanced his criminal

charges from a misdemeanor to a felony and committed fraud when she furnished an altered

transcript and misrepresented court minutes of Plaintiff's prior sentencing proceeding during

Plaintiff's post-conviction appeals.  ECF. No. [1] at 6.  Plaintiff also alleges that Mr. Ward, a State

Attorney, was made aware of the allegations but did nothing.  *Id.* at 4.  The Court concludes that

pursuant to *Imbler* and its progeny, Ms. Scull and Mr. Ward are entitled to absolute immunity.

Indeed, as Plaintiff concedes in his Complaint, Ms. Scull and Mr. Ward were acting in their

official capacity at all relevant times.  *See* ECF No. [1] at 2.  As in *Imbler* and *Rowe*, the conduct

that gives rise to Plaintiff's Section 1983 claim fits squarely within the judicial phase of the

criminal process and involves the presentation of the state's case to prosecute Plaintiff.

Specifically, Plaintiff alleges that Ms. Scull enhanced Plaintiff's misdemeanor to a felony; as a matter of law, her discretion regarding how she charged Plaintiff is absolutely immune from a Section 1983 claim.  Additionally, any claim that Ms. Scull fabricated evidence or proffered false testimony during post-conviction proceedings is likewise subject to absolute immunity.  *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) ("Prosecutors have absolute immunity when 'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . .") (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979)) (alterations supplied).

Finally, Plaintiff alleges that Mr. Ward was aware of Ms. Scull's misconduct but did nothing about it.  ECF No. [1] at 4.  However, as with Ms. Scull, to the extent Plaintiff alleges that Mr. Ward was involved in prosecutorial misconduct, Mr. Ward is likewise absolutely immune from suit.  *See Barr*, 437 F. App'x at 876–77 (concluding that a state attorney was absolutely immune from a Section 1983 claim).[1]  Because the alleged misconduct took place entirely within the judicial phase of Plaintiff's criminal prosecution, it is all within the bounds of absolute prosecutorial immunity.  As such, because the Court finds that Ms. Scull and Mr. Ward enjoy absolute immunity with respect to the allegations stated in Plaintiff's Complaint, dismissal of the suit in this respect is appropriate.

---

[1] To the extent Plaintiff purports to assert a claim against Mr. Ward in his supervisory capacity, he must allege facts that reflect a "history of widespread abuse or the existence of a custom or policy that would support holding [that the state attorney is] liable for the conduct of his employees." *Barr*, 437 F. App'x at 876 (citing *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). Because Plaintiff has not asserted any facts to this effect, he has failed to state a claim against Mr. Ward in his supervisory capacity.

## IV.    RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned hereby **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** and that his Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

## V.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on July 28, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE