UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 21-10046-CIV-MARTINEZ-BECERRA

ELVIS AARON HARMON GROMAN,

    Plaintiff,

vs.

PAUNECE RASCHEL RAMAGE SCULL and
DENNIS WARD,

    Defendants.
_____/

## ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND REMANDING CASE FOR FURTHER CONSIDERATION

THE MATTER was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for all pre-trial proceedings, including Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, [ECF Nos. 4, 6]. Magistrate Judge Becerra filed a Report and Recommendation, [ECF No. 7], recommending that Plaintiff's *pro se* § 1983 Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and the IFP motion be denied as moot. The Court has reviewed the entire record and notes that no objections have been filed.

The Court, however, cannot dismiss Plaintiff's Complaint on the ground of absolute prosecutorial immunity. While the Report and Recommendation includes a sound analysis of the doctrine, the doctrine itself is inapplicable to Plaintiff's Complaint. Plaintiff seemingly seeks injunctive relief, including requests that his felony conviction be corrected to reflect a misdemeanor, all liens be relieved, and Defendants "be punished to the fullest extent of the law." *See* Compl. at 10 ("I do not request any monetary compensation for my unlawful imprisonment…"). "Although prosecutors are absolutely immune from suits for money damages, unlike judges they do not enjoy absolute immunity from suits for injunctive relief." *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 786 (11th Cir. 2017) (citing *Bolin v. Story*, 225 F.3d 1234,

1292 (11th Cir. 2000)).

While the Defendants could theoretically be liable in a suit for injunctive relief, the Court nonetheless finds that Plaintiff's Complaint could be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* doctrine generally bars a § 1983 claim that would necessarily imply the unlawfulness of a conviction or sentence that had not previously been invalidated. *See id.* at 486–87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (extending *Heck*'s holding to claims seeking declaratory or injunctive relief); *but see Topa v. Melendez*, 739 F. App'x 516, 518–19 (finding reversible error where court dismissed plaintiff's complaint *sua sponte* based on *Heck*, though not in the context of § 1915 screening). Indeed, while the face of Plaintiff's Complaint seems to implicate *Heck* in that it requests that the Court invalidate his felony conviction, "[a] circuit split has developed regarding the application of *Heck* to situations where a claimant, who may no longer bring a habeas action, asserts a § 1983 complaint attacking a sentence or conviction." *Domotor v. Wennet*, 630 F. Supp. 2d 1368, 1376–77 (S.D. Fla. 2009) (collecting cases). Specifically, a split exists as to whether *Heck* applies where, a plaintiff is no longer "in custody" for habeas purposes. *Id.*; *see Spencer v. Kemna*, 523 U.S. 1, 5–6, 17–25 (1998). Indeed, while it appears that Plaintiff is no longer incarcerated, it is unclear from the record whether he may nonetheless be considered "in custody" for habeas relief. Accordingly, this case will be remanded to Judge Becerra for further screening of the Complaint in light of this order.

After careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Becerra's Report and Recommendation, [ECF No. 7], is **REJECTED and REMANDED** for further consideration.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of August, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record
Elvis Aaron Harmon Groman, *pro se*