UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:21-cv-10046-JEM/Becerra

ELVIS AARON HARMON GROMAN,

    Plaintiff,

v.

PAUNECE RASCHEL RAMAGE SCULL
and DENNIS WARD

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [4]. Because Defendant has not paid the filing fee but instead seeks to proceed *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e). For the reasons explained below, the undersigned **RECOMMENDS** that the Complaint, ECF No. [1], be **DISMISSED WITH PREJUDICE** and that all pending motions be **DENIED AS MOOT**.

    **I.**    **BACKGROUND**

On April 9, 2015, Plaintiff was convicted of felony battery in state court and sentenced to serve a term of incarceration. *See* Judgment, *Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. Apr. 9, 2015). Plaintiff now seeks relief under 42 U.S.C. § 1983 against Paunece Raschel Ramage Scull ("Scull"), the prosecutor in that criminal proceeding, and Dennis Ward ("Ward"), the State Attorney for Monroe County. ECF No. [1] at 4. Specifically, Plaintiff alleges that Defendant Scull "used a prior uncounseled conviction to enhance a misdemeanor jury verdict to a

---

[1] This case was referred to the undersigned for all pretrial proceedings by the Honorable Jose E. Martinez, United States District Judge. ECF No. [6].

felony . . . after the dismissal of the jury." *Id.* at 6. The Complaint is not a legal challenge to whether such an enhancement was proper, instead, the crux of the Complaint is that Defendant Scull altered the transcript of Plaintiff's prior sentencing hearing to include the presence of a lawyer appearing on behalf of Plaintiff. Specifically, Plaintiff states that, on appeal, Defendant Scull "furnished an altered version of the transcript of said prior sentencing proceeding, adding counsel addressing the court." *Id.* Plaintiff states that Defendant Scull "furnished the court minutes" of his prior sentencing hearing, which led the state appellate court to believe he was present in court and represented by counsel. *Id.*

Plaintiff further alleges that he "was in custody for said prior for only 11 days before he plead Nolo Contendere to the sentencing judge via electronic video conference from the Monroe County Detention facility." *Id.* Plaintiff states that he "never saw or spoke to counsel on record or any counsel . . . never saw a courtroom . . . [and] never left the county jail the entire time he was in custody for said prior uncounseled conviction." *Id.* Plaintiff states that Defendant Scull's fraud "was used to deny [his] appeal all the way up to the Florida Supreme Court" and "keep him a convicted felon and incarcerated in Florida State Prison for 60 months (minus county jail time and Florida State Prison gained work time)." *Id.* at 6–7. In addition, Plaintiff states that the alleged fraud caused a $50,000 lien to be imposed against him. *Id.* at 7.

Plaintiff states that although he has not suffered "physical injuries caused by a direct result of said alleged fraud," he was unlawfully made a convicted felon, imprisoned, separated from "his wife and two sons whom have abandoned him," caused "to lose multiple employment and financial opportunities," prevented from "making [a] religious pilgrimage to Israel, and caused to endure "extreme stress and mental anguish." *Id.* at 9. As such, Plaintiff requests "relief from the unlawful felony conviction," that his felony be corrected to a misdemeanor, that his constitutional rights be

reinstated, that he be relieved of all liens, and that Defendants be punished "to the fullest extent of the law." *Id.* at 10.

## II. ANALYSIS

Section 1915 accords litigants "meaningful access to the federal courts" notwithstanding their ability to pay the required filing fee. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that the purpose of the *in forma pauperis* statute is to permit litigants to initiate civil or criminal actions despite their inability to pay the filing fee). Specifically, Section 1915(a)(1) allows litigants to forego the filing fee so long as they submit an affidavit that describes their inability to pay the associated costs. *Id.* If deemed indigent for the purposes of proceeding in the lawsuit, the litigant's filing fees are waived. *Id.* However, Congress recognized that these litigants now "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent these potential abuses, Section 1915(e) provides that the court must dismiss such a case if it determines that the Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The undersigned previously screened the instant Complaint pursuant to Section 1915(e). *See* ECF No. [7]. The Court recommended that the Complaint be dismissed based on the doctrine of prosecutorial immunity. *Id.* at 7–8. The District Court rejected the recommendation, noting that prosecutorial immunity was inapplicable because Plaintiff is not seeking money damages, but rather appears to be seeking injunctive relief. ECF No. [9] at 1. Instead, the District Court noted that the Complaint could be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), given that Plaintiff seeks to challenge his state sentence under Section 1983, a remedy that *Heck* precludes. *Id.* at 2. The District Court noted that a split in the Circuits exists as to whether *Heck*

3

applies where a plaintiff is no longer "in custody" for habeas purposes. *Id.* Because the District Court found that "it is unclear from the record" whether Defendant was in custody," the District Court remanded this matter "for further consideration." *Id.*

*Heck* dictates dismissal of the instant Complaint. In *Heck*, the Supreme Court concluded that if a judgment on a Section 1983 claim "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence," the district court must dismiss the 1983 complaint unless the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. In short, pursuant to *Heck*, a Section 1983 claim is not cognizable if it seeks to invalidate a prior conviction, or otherwise rests on the prior conviction being otherwise invalid. *Id.* at 487; *see Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quotations and citations omitted). In this case, Plaintiff clearly seeks to invalidate his state felony conviction.

As the District Court noted, this does not end the inquiry. Specifically, the District Court remanded this matter for consideration of whether Plaintiff could be considered "in custody" for the purposes of habeas relief. ECF No. [9] at 2. Indeed, if Plaintiff were in custody, there is no question that *Heck* applies and that the Complaint is subject to dismissal because Plaintiff could pursue habeas relief. However, after a thorough review of the state court record, the undersigned concludes that Plaintiff is not in custody for purposes of pursuing any habeas relief as to the conviction at issue. Plaintiff was sentenced in state court on April 16, 2015. *See* Judgement and Sentence, *Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. Apr. 16, 2015). At that time,

4

Plaintiff was sentenced to forty-eight months imprisonment, which he presumably completed serving no later than April 2019. Moreover, Plaintiff's Complaint indicates that he is not currently incarcerated. *See* ECF No. [1].

Whether *Heck* applies in cases like this one, where a plaintiff can no longer seek habeas relief, is unsettled in this Circuit. Indeed, "[a] circuit split has developed regarding the application of *Heck* to situations where a claimant, who may no longer bring a habeas action, asserts a § 1983 complaint attacking a sentence or conviction." *Topa v. Melendez*, 739 Fed. App'x 516, 519 n.2 (11th Cir. 2018) (quoting *Domotor v. Wennet*, 630 F. Supp. 2d 1368, 1376–77 (S.D. Fla. 2009)). The Eleventh Circuit "has not definitively answered the question." *Id.*

However, various cases in this District support a dismissal of this case under *Heck*. Specifically, in cases where the Section 1983 action squarely attacks the conviction and the plaintiff had the ability to make the claim at the post-conviction or appellate stages, Courts have found that the reasoning in *Heck* still warrants dismissal. For example, in *Baker v. City of Hollywood*, the plaintiff filed a Section 1983 action, arguing that Broward County violated "his constitutional rights to due process, equal protection under the law, to be free from cruel and unusual punishment, and to a fair trial" and that other named defendants used false evidence, committed perjury, submitted false police reports, and withheld potentially exculpatory evidence. No. 08-60294-CIV-HUCK, 2008 WL 2474665, at *4 (S.D. Fla. June 17, 2008), *aff'd*, 391 Fed. App'x 819 (11th Cir. 2010). The District Court concluded that to the extent the plaintiff sought to "impugn the constitutionality of his criminal trial," his claim was barred by *Heck*. *Id.* The Court explained that any claim for damages would run afoul of *Heck* because it "would necessarily call into question the constitutionality of the entire criminal trial—and thus the constitutionality of his battery conviction." *Id.* at *5. The Court noted that the unavailability of habeas relief was not

dispositive because the plaintiff did in fact "seek postconviction relief at the state level but voluntarily withdrew such claims" and he could have appealed the order imposing his sentence." *Id.* at *7. As such, although habeas relief was no longer available, the Court found that the plaintiff had state remedies he chose not to pursue, which eliminated any concern that the plaintiff would be left "without a remedy to seek relief from his sentence of imprisonment." *Id.*

In *Domotor v. Wennet*, the plaintiff filed a Section 1983 action seeking damages and to have certain criminal charges removed from her record. 630 F. Supp. 2d 1368, 1369 (2009). The District Court concluded that *Heck* barred the plaintiff's Section 1983 claim because such claim sought to invalidate her convictions. *Id.* at 1379. The Court noted that although the plaintiff could not seek habeas relief because she was not incarcerated at the time, "she was not without an avenue to seek relief from her conviction," such as a post-conviction motion or appeal. *Id.* at 1380 (alterations adopted) (quoting *Baker*, 2008 WL 2474665, at *7). The Court further noted that the plaintiff's 1983 claim was based on facts available to her before the expiration of the time to file any state post-conviction motions or any habeas petitions and, as such, the plaintiff was not permitted to circumvent state procedures in order to collaterally attack her sentence. *Id.*

Plaintiff clearly seeks a modification of his state felony conviction because he specifically asks that it be corrected to "only misdemeanor simple battery." *See* ECF No. [1] at 10. In addition, although Plaintiff is no longer in custody and unable to pursue habeas relief, he clearly had the opportunity to seek relief from his conviction. Indeed, Plaintiff raised this exact issue through post-conviction motions at the state level, where the state trial court and the state appellate court found that argument to be without merit. *See* Order on Defendant's 3.850 Motion for Post-Conviction Relief, *Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. May 12, 2016) ("The Defendant's 3.850 motion is without merit as he was appointed a Public Defender at first

6

appearance, was counseled and agreed to the procedure before his name was placed on the Plea Day list, and was represented by the Public Defender during the Plea Day event.").[2] Thus, "the Court need not inquire as to whether Plaintiff has been deprived of a means of challenging his conviction and weigh whether there should be an exception to the *Heck* bar. This is because Plaintiff *did* seek postconviction relief at the state level." *Baker*, 2008 WL 2474665, at *7 (emphasis in original). To be sure, the state trial court has repeatedly denied Plaintiff's successive post-conviction motions, which have set forth the same claim asserted here. *See* Order on Defendant's 3.850 Motion for Post-Conviction Relief, *Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. May 12, 2016) ("In reviewing the court file, it is abundantly clear that the Defendant's claim of his 2011 MM-687-A-K being uncounseled is just not true . . . The Defendant's 3.850 motion is without merit."); Order Denying Motion for Post-Conviction Relief, *Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. May 15, 2018) (denying successive post-conviction motion because, among other things, the state trial and appellate court had already rejected the claim that an "uncounseled plea in a prior case was improperly used to enhance [Plaintiff's] sentence"). Plaintiff's claim has also been denied on appeal. *See* Opinion, *Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. July 8, 2016) (affirming per curiam). Because Plaintiff's claim seeks the invalidation of a state court judgment and Plaintiff was not without a remedy to seek relief from the state court, the case falls squarely within the purview of *Heck* and

---

[2] The state court explained that in Plaintiff's prior case, he engaged in "Plea Day," a procedure through which inmates negotiate a plea agreement through counsel and participate in a plea colloquy through video teleconference. *See* Order on Defendant's 3.850 Motion for Post-Conviction Relief, *Florida v. Groman*, No. 11-CF-752-A-K (Fla. 16th Cir. Ct. May 12, 2016). The state court explained that Plaintiff engaged in Plea Day and was represented by the state public defender through video conference. *Id.* As a result, Plaintiff's claim was denied as "without merit." *Id.*

no claim can lie under Section 1983. Because no claim under Section 1983 is viable, the Complaint is subject to dismissal.[3]

### III. RECOMMENDATION

As set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITH PREJUDICE** and that the Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [4], be **DENIED AS MOOT**.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on July 25, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**

---

[3] In addition, the Complaint can also be subject to dismissal as frivolous because the factual allegations are baseless. "A complaint is frivolous if 'it lacks an arguable basis either in law or in fact.'" *Chapman v. Biden*, No. 21-80772-CIV, 2021 WL 5627596, at *1 (S.D. Fla. Apr. 29, 2021) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Moreover, "[a] court may dismiss a complaint for frivolity under § 1915(e) when the legal claim is 'indisputably meritless, the facts are far-fetched or baseless, or both.'" *Id.* (quoting *Cofield v. Ala. Public Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)). The Complaint in this case alleges that two state prosecutors engaged in a fraudulent scheme to alter court transcripts and minutes in order to procure a heightened sentence. *See* ECF No. [1] at 6. Plaintiff provides no support for these far-fetched allegations, and his failure to do so subjects the Complaint to dismissal on these grounds alone.